## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JOAN GAGE, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT** |
| ANDREWS & COX P.C., an Indiana | ) |
| Professional Corporation; and | ) **JURY TRIAL DEMANDED** |
| NEWREZ LLC, d/b/a SHELLPOINT | ) |
| MORTGAGE SERVICING, a | ) |
| Delaware Limited Liability Company, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Joan Gage, Plaintiff, and states the following Complaint against Defendant ANDREWS & COX P.C. and Defendant NEWREZ LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*

### JURISDICTION AND VENUE

1.

This action arises out of Defendant's illegal and improper efforts to collect a consumer debt, and includes violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA") and Georgia's Fair

Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.* ("FBPA"), and Plaintiff's claims under these statutes are so related that they form the same case or controversy.

2.

Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 & 1337, as well as 28 U.S.C. § 1367 (Supplemental Jurisdiction).

3.

This Court has personal jurisdiction over the Defendants for the purposes of this action because Defendants transact business in the State of Georgia, the committed acts that form the basis for this suit occurred within the State of Georgia, and both Defendants have registered agents in the state of Georgia.

4.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because the acts underlying this action occurred within the Northern District of Georgia, Plaintiff is a resident of the Northern District of Georgia, and both Defendants have registered agents in the Northern District of Georgia.

2

PARTIES

5.

Joan Gage is an individual who is a resident of DeKalb County,

Georgia.

6.

ANDREWS & COX P.C. ("ANDREWS") is a professional
corporation incorporated under the laws of the State of Indiana that regularly
transacts business within the State of Georgia, including the representation
of clients in litigation within the courts of the State of Georgia.

7.

NEWREZ LLC is a Limited Liability Company organized under the
laws of the State of Delaware that regularly transacts business within the
State of Georgia and regularly targets Georgia residents for the collection of
debts.

8.

NEWREZ LLC does business as Shellpoint Mortgage Servicing
("SHELLPOINT").[1]

---

[1] *See* Who We Are, Shellpoint Mortgage Servicing
(https://www.shellpointmtg.com/about-us) (last accessed October 28, 2020).

FACTUAL ALLEGATIONS

9.

Plaintiff Joan Gage is an individual who is a natural person.

10.

Defendant Andrews & Cox P.C. is a law firm that has, since its inception, been committed to representing creditor's rights in "virtually all facets of collection."[2]

11.

Defendant Andrews & Cox P.C. regularly collects or attempts to collects owed or due to others.

12.

The principal purpose of Defendant Andrews & Cox P.C.'s business is the collection of any debts.

13.

Defendant Andrews & Cox P.C. does this debt collection using the business name "Bleecker Brodey & Andrews, Attorneys at Law."

---

[2] Our Services, Andrews & Cox P.C. d/b/a Bleecker Brodey & Andrews (http://www.bbanda.com/services/) (last accessed October 28, 2020). ("Since our inception, our firm has been committed to representing creditor's rights for 30 years in virtually all facets of collection, including retail, commercial, complex collections, taxes, insurance subrogation, and medical.")

14.

Defendant NewRez LLC does business as Shellpoint Mortgage Servicing ("SHELLPOINT").[3]

15.

Defendant NewRez LLC, as SHELLPOINT, collects "principal, interest, and escrow payments from homeowners nationwide," and "[o]ver the last few years, [has] quietly grown to become America's 5th-largest non-bank mortgage servicer."[4]

16.

Defendant NEWREZ, as SHELLPOINT, regularly collects or attempts to collects owed or due to others.

17.

The principal purpose of Defendant NEWREZ LLC's business as SHELLPOINT is the collection of debts.

18.

Joan Gage is an individual consumer who used to have a mortgage for a property in Michigan that was foreclosed upon.

---

[3] *See* Who We Are, Shellpoint Mortgage Servicing (https://www.shellpointmtg.com/about-us) (last accessed October 28, 2020).
[4] *See* Who We Are, Shellpoint Mortgage Servicing (https://www.shellpointmtg.com/about-us) (last accessed October 28, 2020).

19.

Ms. Gage was served with a lawsuit filed by Defendant ANDREWS on November 18, 2019.

20.

The lawsuit was filed in DeKalb County State Court, Case No. 19A75091, as *Ditech Financial LLC v. Joan Gage* (the "State Lawsuit").

21.

Defendant ANDREWS did not provide a paper copy of the State Lawsuit to the Clerk of DeKalb County State Court for service of process until October 29, 2019.

22.

The State Lawsuit itself was filed on June 11, 2019.

23.

The claims and allegations in the State Lawsuit were not communicated to Ms. Gage until she was served on November 18, 2019.

24.

The State Lawsuit claimed Ms. Gage owed Ditech Financial LLC on an alleged mortgage debt (the "Alleged Debt").

25.

The Alleged Debt was already in default at the time Ditech Financial LLC claims it was assigned the Alleged Debt.

26.

The Alleged Debt was already in default at the Alleged Debt was placed with Defendant ANDREWS for collection.

27.

The Alleged Debt was for Ms. Gage's prior personal and family residence.

28.

The State Lawsuit claimed Ms. Gage owed Ditech Financial LLC $19,730.14 in principal.

29.

Ms. Gage did not owe Ditech Financial LLC $19,730.14 in principal.

30.

The amount of principal Defendant ANDREWS claimed Ms. Gage owed Ditech Financial LLC is incorrect.

31.

The State Lawsuit claimed Ms. Gage owed Ditech Financial LLC charge off fees of $431.60.

32.

Ms. Gage did not owe Ditech Financial LLC charge off fees of $431.60 in charge off fees.

33.

The amount of charge off fees Defendant ANDREWS claimed Ms. Gage owed Ditech Financial LLC is incorrect.

34.

The State Lawsuit claimed Ditech Financial LLC was assigned the Alleged Debt by Household Finance Corporation II.

35.

Upon information and belief, Defendant ANDREWS' claim in the State Lawsuit that Ditech Financial LLC was assigned the Alleged Debt was incorrect.

36.

Defendant ANDREWS intended for the state litigation court to rely upon its allegations in the State Lawsuit.

37.

Defendant ANDREWS intended for Ms. Gage to rely upon the allegations in the State Lawsuit.

38.

Ms. Gage, relying upon the allegations in the State Lawsuit made by Defendant ANDREWS, hired legal counsel to represent her in the State Lawsuit.

39.

Ms. Gage filed an Answer to the State Lawsuit that included the defense that the lawsuit was beyond the statute of limitations.

40.

Ms. Gage incurred legal costs and attorneys' fees to defend against the allegations contained in the complaint filed in the State Lawsuit by Defendant ANDREWS on behalf of Ditech Financial LLC.

41.

Ms. Gage was served with the State Lawsuit beyond the statute of limitations for collecting the Alleged Debt.

42.

Ms. Gage filed a motion to dismiss the lawsuit on the grounds that it was beyond the statute of limitations on April 6, 2020.

43.

In a letter dated March 30, 2020, Defendant SHELLPOINT stated that servicing of the Alleged Debt was being transferred from Ditech Financial LLC to Shellpoint on 3/16/2020 (the "March Shellpoint Letter").

44.

The March Shellpoint Letter states that it is being sent regarding "Ditech Financial LLC ("Ditech") Account Number: xxxx0192-0."

45.

The March Shellpoint Letter implies that Defendant SHELLPOINT is attempting to collect a debt on behalf of Ditech Financial LLC.

46.

The March Shellpoint Letter included an "Account Payment Address," stated that it was a communication from a debt collector, and that it was an attempt to collect a debt.

47.

The March Shellpoint Letter stated that "[l]ate payments, missed payments, or other defaults on your account may be reflected in your credit report."

48.

The March Shellpoint Letter did not include the notices required by 15 U.S.C. § 1692g.

49.

The March Shellpoint Letter was sent to Ms. Gage's legal counsel in the State Lawsuit.

50.

On or about April 20, 2020, Ms. Gage, through her legal counsel in the State Lawsuit, sent Defendant SHELLPOINT a request for verification and validation pursuant to 15 U.S.C. § 1692g.

51.

On April 9, 2020, Defendant ANDREWS sent Ms. Gage discovery requests in the State Lawsuit on behalf of Ditech Financial LLC.

52.

On April 28, 2020, Defendant ANDREWS filed a response objecting to Ms. Gage's motion to dismiss in the State Lawsuit.

53.

In a letter dated July 10, 2020, Defendant SHELLPOINT responded to Ms. Gage's request for verification and validation (the "July Shellpoint Letter").

54.

The July Shellpoint Letter states that Defendant SHELLPOINT began servicing the Alleged Debt "on or about March 01, 2020."

55.

The July Shellpoint Letter contradicts the March Shellpoint Letter, which states that servicing of the Alleged Debt was being transferred from Ditech Financial LLC to Shellpoint on "3/16/2020."

56.

The July Shellpoint Letter states that the current owner of the Alleged Debt, or loan, is Shellpoint Mortgage Services.

57.

Upon information and belief, the owner of the loan changed to Shellpoint Mortgage Services at or around the time the servicing of the loan was transferred to Defendant SHELLPOINT—March of 2020.

58.

The Alleged Debt was already in default at the time Defendant SHELLPOINT claims to have acquired it.

59.

The July Shellpoint Letter states that it is a communication from a debt collector, and that it is an attempt to collect a debt.

60.

The July Shellpoint Letter states that the balance of the Alleged Debt is $20,161.74, and states that Ms. Gage is obligated to pay the Alleged Debt.

61.

Ms. Gage does not owe Defendant SHELLPOINT $20,161.74 for the Alleged Debt.

62.

The amount of the Alleged Debt in the July Shellpoint Letter is incorrect.

63.

The July Shellpoint Letter explicitly states that "[t]his is an attempt to collect a debt and any information obtained will be used for that purpose."

64.

Ms. Gage has never received in writing, either to herself or her legal counsel, the notices Defendant SHELLPOINT is required to send to her pursuant to 15 U.S.C. § 1692g despite receiving both the initial March Shellpoint Letter communication attempting to collect a debt, and the July Shellpoint Letter that sought to collect a debt.

65.

On October 9, 2020, the trial court in the State Lawsuit held a hearing on the motion to dismiss filed by Ms. Gage.

66.

Defendant ANDREWS appeared at the October 9, 2020, hearing to further seek to collect the Alleged Debt from Ms. Gage.

67.

On October 27, 2020, the trial court in the State Lawsuit issued an order granting Ms. Gage's motion to dismiss on the grounds that the lawsuit was barred by the statute of limitations.

68.

At no point during the State Lawsuit was Defendant SHELLPOINT substituted in as the real-party in interest, despite Defendant SHELLPOINT stating that it owned the Alleged Debt in the July Shellpoint Letter.

69.

Defendant ANDREWS continued to attempt to collect the Alleged Debt on behalf of a party that no longer owned the Alleged Debt.

70.

Defendant ANDREWS continued attempts to collect the Alleged Debt after Defendant SHELLPOINT became the owner of the Alleged Debt

included its response to Ms. Gage's motion to dismiss, its sending of discovery requests to Ms. Gage, and its appearance at the hearing on the motion to dismiss.

71.

Upon information and belief, Defendant ANDREWS knew, or should have known, that its client Ditech Financial LLC had assigned or transferred any right it possessed in the Alleged Debt to Defendant SHELLPOINT during the litigation, but Defendant ANDREWS instead chose to try and collect a debt for its client in which its client no longer possessed any right.

72.

Defendant SHELLPOINT intended for Ms. Gage to rely upon the representations contained in the March Shellpoint Letter and the July Shellpoint Letter.

73.

Ms. Gage, through her counsel, did rely upon the representations contained in both the March Shellpoint Letter and the July Shellpoint Letter.

74.

Ms. Gage incurred attorneys' fees and legal costs as a result of her reliance upon the representations contained in the March Shellpoint Letter

and the July Shellpoint Letter in an amount to be shown with more particularity at a later date.

75.

Defendant ANDREWS' actions in commencing a lawsuit against Ms. Gage beyond the statute of limitations caused Ms. Gage stress, anxiety, and emotional distress.

76.

Defendant ANDREWS' actions in attempting the incorrect amount of the Alleged Debt from Ms. Gage caused Ms. Gage stress, anxiety, and emotional distress.

77.

Defendant ANDREWS' actions in continuing to pursue a claim against Ms. Gage despite its client, Ditech Financial LLC, assigning any and all interest or rights to the alleged claim to a third party who was not involved in the lawsuit caused Ms. Gage stress, anxiety, and emotional distress.

78.

Defendant ANDREWS' actions in commencing a lawsuit against Ms. Gage beyond the statute of limitations caused Ms. Gage to incur actual

damages for legal costs and attorneys' fees in an amount to be shown with more particularity at a later date, but not less than $3,000.00.

79.

Defendant ANDREWS' actions in attempting the incorrect amount of the Alleged Debt from Ms. Gage caused Ms. Gage to incur actual damages for legal costs and attorneys' fees in an amount to be shown with more particularity at a later date, but not less than $3,000.00.

80.

Defendant ANDREWS' actions in continuing to pursue a claim against Ms. Gage despite its client, Ditech Financial LLC, assigning any and all interest or rights to the alleged claim to a third party who was not involved in the lawsuit caused Ms. Gage to incur actual damages for legal costs and attorneys' fees in an amount to be shown with more particularity at a later date, but not less than $3,000.00.

81.

To the extent that Defendant SHELLPOINT does own the Alleged Debt under Georgia law, it is liable as successor in interest for the actions of Ditech Financial LLC through its agent and attorneys at law, Defendant ANDREWS.

82.

Upon information and belief, Defendant SHELLPOINT does not maintain a place of business within the State of Georgia.

83.

Upon information and belief, Defendant SHELLPOINT does not keep assets within the State of Georgia.

CAUSES OF ACTION

**Count 1**
*Violations of the Fair Debt Collection Practices Act,*
*15 U.S.C. § 1692 et seq.*

84.

Defendant ANDREWS sought to collect the incorrect amount from Plaintiff in the State Lawsuit.

85.

Defendant ANDREWS sought to collect an Alleged Debt from Plaintiff in the State Lawsuit that was not owed to its client, Ditech Financial LLC.

86.

Defendant ANDREWS sought to collect the Alleged Debt from Plaintiff in the State Lawsuit even though the claims it brought on behalf of its client Ditech Financial LLC were barred by the statute of limitations.

87.

Defendant ANDREWS continued to attempt to collect a debt on behalf of its client Ditech Financial LLC despite Ditech Financial LLC assigning or transferring all of its rights, such as they were, in the Alleged Debt to Defendant SHELLPOINT.

88.

The actions of Defendant ANDREWS as described above violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

89.

Defendant SHELLPOINT never provided Plaintiff the notices required by 15 U.S.C. § 1692g.

90.

Defendant SHELLPOINT misled Plaintiff regarding who owned the Alleged Debt in the March Shellpoint Letter.

91.

Defendant SHELLPOINT misled Plaintiff regarding when the servicing of the Alleged Debt was transferred to it in the March Shellpoint Letter or the July Shellpoint Letter.

92.

Defendant SHELLPOINT stated an incorrect amount owed on the Alleged Debt in the July Shellpoint Letter.

93.

If Defendant SHELLPOINT does not own the Alleged Debt, then it misrepresented that it did own the Alleged Debt in the July Shellpoint Letter.

94.

If Defendant SHELLPOINT does own the Alleged Debt, then it is liable for the actions taken by Ditech Financial LLC or its agents, including the actions taken in the State Lawsuit.

95.

The actions of Defendant ANDREWS as described above violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

96.

Plaintiff incurred actual damages in the form of attorneys' fees and legal costs as a direct result of the actions of Defendant ANDREWS in the

State Lawsuit in an amount not less than $3,000.00, and in an amount that will be shown with more particularity at a later date.

97.

Plaintiff incurred actual damages in the form of attorneys' fees and legal costs as a direct result of the actions of Defendant SHELLPOINT in sending the March Shellpoint Letter and the July Shellpoint Letter, as well as for all actions of Ditech Financial LLC from whom it claims to have acquired the Alleged Debt, including the actions in the State Lawsuit, in an amount to be shown with more particularity at a later date.

98.

Plaintiff incurred actual damages in the form of stress, anxiety, and emotional distress as a direct result of the actions of Defendant ANDREWS as described above.

99.

Plaintiff incurred actual damages in the form of stress, anxiety, and emotional distress as a direct result of the actions of Defendant SHELLPOINT as described above.

100.

Further, Defendants' violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, make them liable to Plaintiff for not just the actual damages identified

above, but also for statutory damages of up to the maximum of $1,000 for each Defendant, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

**Count 2**
*Violations by Defendant SHELLPOINT of Georgia's Fair Business Practices Act*

101.

Defendant SHELLPOINT's contradictory and conflicting statements in the March Shellpoint Letter and July Shellpoint Letter as to the ownership and servicing rights of the Alleged Debt are unfair or deceptive acts or practices in the conduct of consumer transactions.

102.

Defendant SHELLPOINT's statement in the July Shellpoint Letter that it owns the Alleged Debt, or loan, as part of an attempt to collect the Alleged Debt from Plaintiff is an unfair or deceptive act or practice in the conduct of consumer transactions.

103.

The actions of Ditech Financial LLC, for which Defendant SHELLPOINT is liable as successor in interest to the Alleged Debt, in seeking to collect the incorrect amount from Plaintiff in the State Lawsuit,

seeking to pursue a claim barred by the statute of limitations against Plaintiff, and in failing to substitute in the real-party in interest in the State Lawsuit, are unfair or deceptive acts or practices in the conduct of consumer transactions.

104.

Defendant SHELLPOINT's actions were done intentionally in order to try and collect the incorrect amount from Plaintiff, and through a legal process that it did not have the right to pursue.

105.

Upon information and belief, Defendant SHELLPOINT does not maintain a place of business within the State of Georgia.

106.

Upon information and belief, Defendant SHELLPOINT does not maintain assets within the State of Georgia.

107.

As a result of Defendant SHELLPOINT's unfair and deceptive acts or practices in the conduct of consumer transactions, Plaintiff suffered stress, anxiety, and emotional distress—otherwise known as garden-variety emotional distress—and incurred legal costs to defend the State Lawsuit, and

investigate the two letters sent to her, in an amount to be shown with more particularity at a later date.

108.

Defendant SHELLPOINT's unfair and deceptive acts or practices in the conduct of consumer transactions violate Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.* (the "FBPA").

109.

Defendant SHELLPOINT's violation of the FBPA makes it liable to Plaintiff for the actual damages detailed above and to be shown with more particularity at a later date.  O.C.G.A. § 10-1-399(a).

110.

Defendant SHELLPOINT's violation of the FBPA makes it liable to Plaintiff for "reasonable attorneys' fees and expenses of litigation incurred," "irrespective of the amount in controversy."  O.C.G.A. § 10-1-399(d).

111.

Defendant SHELLPOINT's intentional acts in violation of Georgia's FBPA also make it liable to Plaintiff for treble damages.  O.C.G.A. § 10-1-399(c).

***Count 3***
*Punitive Damages Against Defendant SHELLPOINT Under Georgia's*
*FBPA*

112.

Plaintiff has a statutorily created right to "exemplary damages," sometimes also called punitive damages, pursuant to O.C.G.A. § 10-1-399(a) for intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*

113.

Defendant SHELLPOINT's intentional acts in violation of Georgia's FBPA also make it liable for "exemplary damages," sometimes also called punitive damages, pursuant to O.C.G.A. § 10-1-399(a), in an amount to be determined by the enlightened conscious of a jury.

**<u>JURY DEMAND</u>**

114.

Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays that this Court:

(1)    Find Defendants liable for violations of the Fair Debt Collection

25

Practices Act for the reasons stated in the Complaint above;

(2)     Award Plaintiff the full $1,000 statutory damages for each Defendants' FDCPA violations;

(3)     Award Plaintiff actual damages in an amount to be shown with more particularity at a later date, but which includes the court costs and attorneys' fees incurred by Plaintiff in the State Lawsuit;

(4)     Find Defendant NewRez LLC, d/b/a Shellpoint Mortgage Servicing, liable for actual damages in an amount to be shown with more particularity at a later date for their violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*;

(5)     Find Defendant NewRez LLC, d/b/a Shellpoint Mortgage Servicing, liable for treble damages for their intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(c);

(6)     Find Defendant NewRez LLC, d/b/a Shellpoint Mortgage Servicing, liable for punitive damages for their intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(a);

(7)     Award Plaintiff reasonable attorney's fees and costs in accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

(8)     Award Plaintiff reasonable attorney's fees and costs in accordance with the Georgia's FBPA, O.C.G.A. § 10-1-399(d), for Defendant NewRez LLC's (d/b/a Shellpoint Mortgage Servicing) violations of Georgia's Fair Business Practices Act;

(9)     Award Plaintiff the reasonable costs of this action;

(10)    Award Plaintiff other expenses of litigation;

(11)    Grant Plaintiff such other and additional relief as the Court deems just and equitable.

Respectfully submitted this <u>29 October 2020</u>.

<u>/s/ John William Nelson</u>
John William Nelson
Georgia Bar No. 920108

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.    404.348.4462
Fax.   404.549.6765

<u>/s/ Daniel E. DeWoskin</u>
Daniel E. DeWoskin
Georgia Bar #220327

DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, Georgia 30030
*Phone* (404) 987-0026
*E-mail* dan@atlantatrial.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B).  The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14-point font.

**DATED:**     29 October 2020

/s/ John William Nelson
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.    404.348.4462
Fax.   404.549.6765